United States District Court
Southern District of Texas
**ENTERED**
May 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PORTNEY HUNT, TDCJ #01981650, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4241 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Portney Hunt (TDCJ #01981650) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction for aggravated robbery with a deadly weapon. Now pending is Respondent [Lorie] Davis's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 16), arguing that the Petition is barred by the governing one-year statute of limitations. Hunt has not filed a response and her time to do so has expired. After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

**I.  Background and Procedural History**

On January 20, 2015, Hunt entered a guilty plea in the 263rd District Court of Harris County, Texas, to charges of aggravated robbery with a deadly weapon, namely a firearm, in Cause No.

1401138.¹ In exchange for that plea the State agreed to recommend a 15-year prison sentence.² On February 23, 2015, the trial court found Hunt guilty as charged and sentenced her to 15 years' imprisonment under the terms of the parties' negotiated plea agreement.³ Hunt, who waived the right to appeal when she entered her guilty plea, did not pursue a direct appeal.⁴

On April 27, 2018, Hunt executed an Application for a Writ of Habeas Corpus Seeking Relief from [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application") to challenge her conviction.⁵ In several overlapping grounds for relief, Hunt raised the following arguments:

1. She was denied the right to counsel during

---

¹See Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Docket Entry No. 17-6, pp. 8-9. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

²Id. at 9.

³Judgment of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 17-6, p. 38.

⁴Trial Court's Certification of Defendant's Right of Appeal, Docket Entry No. 17-6, p. 16 (explaining the defendant's appellate rights, but certifying that the defendant had no right to appeal in a plea-bargain case).

⁵State Habeas Application, Docket Entry No. 17-4, p. 21. The Application was not stamped as filed by the Harris County District Clerk's Office until May 7, 2018. See id. at 5. Using the date most favorable to Hunt, the court will treat the date that she signed it as the filing date. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013) (acknowledging that the prison mail box rule, which treats the date that a pleading is delivered to prison authorities as the date of filing, applies to post-conviction proceedings in Texas) (discussing Campbell v. State, 320 S.W.3d 338, 339 (Tex. Crim. App. 2010)).

>    interrogation by police and was not advised of her <u>Miranda</u> rights.
>
> 2. There was no DNA, fingerprints, or other evidence to support her identification as the perpetrator.
>
> 3. The entire court proceeding was unjust and unfair because she was denied effective assistance of counsel, who failed to conduct an adequate investigation.
>
> 4. The conviction violates the Eighth Amendment prohibition against cruel and unusual punishment because she was abandoned by counsel, who failed to appear at numerous court dates or present mitigation evidence of her cooperation with law enforcement.
>
> 5. She was denied effective assistance of counsel when her attorney "coerced" her to sign the plea agreement by advising her that she could receive more time. He also failed to advise her of the right to appeal.[6]

Defense counsel filed a detailed affidavit refuting the allegations of ineffective-assistance, noting that the State had evidence in the form of surveillance footage showing that Hunt participated in as many as four aggravated robberies and that her guilty plea was voluntarily made.[7] The state habeas corpus court, which also presided over Hunt's guilty plea and sentencing, found that none of her claims had merit and recommended that relief be denied.[8] The Texas Court of Criminal Appeals agreed and denied Hunt's State

---

[6]<u>Id.</u> at 10-15.

[7]Affidavit of Marc Metze, Docket Entry No. 17-4, pp. 40-44.

[8]State's Proposed Findings of Fact, Conclusions of Law, and Order on Application No. 1401138-A, Docket Entry No. 17-5, pp. 13-23.

Habeas Application without a written order on September 26, 2018.[9]

On November 1, 2018, Hunt submitted the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254 from her state court aggravated robbery conviction.[10] She asserts many of the same grounds for relief that were rejected on state habeas corpus review.[11] The respondent argues that the Petition must be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review.[12]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by

---

[9]Action Taken on Writ No. 88,878-01, Docket Entry No. 17-1, p. 1.

[10]Petition, Docket Entry No. 1, p. 10 (indicating that Hunt placed her Petition in the prison mailing system on November 1, 2018).

[11]Id. at 6-7.

[12]Respondent's MSJ, Docket Entry No. 16, pp. 4-8.

-4-

> the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)).

As noted above, Hunt was sentenced to 15 years' imprisonment on February 23, 2015, pursuant to a negotiated plea agreement. Although Hunt waived her right to appeal and did not pursue appellate review, the respondent argues that the limitations period in this case began to run under § 2244(d)(1)(A) on March 25, 2015, when any potential opportunity to pursue a direct appeal expired.[13] See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (observing that the judgment became final when the petitioner's time for

---

[13]Respondent's MSJ, Docket Entry No. 16, p. 6.

seeking review with the State's highest court expired). That date triggered the statute of limitations, which expired one year later on March 25, 2016. As a result, the pending Petition that was submitted by Hunt for filing on November 1, 2018, is over two-and-a-half years late and is barred by the statute of limitations unless a statutory or equitable exception applies.

**B.  The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The State Habeas Application filed by Hunt on April 27, 2018, has no tolling effect for purposes of § 2244(d)(2) because it was filed after the limitations period had already expired in 2016. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

**C.  There is No Other Basis for Statutory or Equitable Tolling**

Hunt does not assert that she was subject to state action that impeded her from filing her Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). None of her claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, none of her

claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

Equitable tolling is available at the court's discretion where a petitioner demonstrates that she pursued federal review with due diligence or that "'some extraordinary circumstance stood in [her] way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Hunt has not filed a response to Respondent's MSJ and she does not allege facts showing that she pursued review of her claims with the requisite diligence. She does not otherwise show that she was prevented from seeking federal review in a timely manner by an extraordinary circumstance.

Although Hunt explains in her Petition that she was unaware of her claims for ineffective-assistance of counsel until she did some research while in state prison,[14] allegations of this kind are not sufficient to extend the AEDPA statute of limitations. In that respect, it is well established that a petitioner's status as a pro se prisoner who lacks legal training is not an exceptional circumstance that warrants equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a

---

[14]Petition, Docket Entry No. 1, p. 9.

petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

Because Hunt fails to establish an exception to the AEDPA statute of limitations, the Respondent's MSJ will be granted and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct  Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Portney Hunt (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 13th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE